UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD SWANTEK,

        Plaintiff,                     Case No. 2:23-cv-10249

v.                                 Honorable Susan K. DeClercq
                                 United States District Judge

CHALLENGE MANUFACTURING
HOLDINGS, INC.,

        Defendant.

_____/

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

It appears that *pro se* Plaintiff Todd Swantek has abandoned this case. On April 29, 2024, Defendant Challenge Manufacturing Holdings moved for summary judgment on all of Swantek's claims. ECF No. 22. Swantek did not respond, and so on August 9, 2024, the Court ordered Swantek to show cause why the case should not be dismissed for his failure to prosecute. ECF No. 24. To date, Swantek has not responded to the summary-judgment motion or the show-cause order, nor has he otherwise contacted the Court.[1]

---

[1] Of note, the show-cause order was mailed to Swantek at the address he provided, and it was not returned as undeliverable. Further, Challenge served the summary-judgment motion on Swantek both by first-class mail and email. ECF No. 23.

Under Civil Rule 41(b), federal courts may *sua sponte* dismiss an action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962). To determine whether to do so, courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015).

Here, considered together, the factors favor dismissal. As to the first factor, because Swantek has gone completely silent, the Court has no way of knowing whether his failure to prosecute is due to willfulness, bad faith, or fault. Even so, as to the second factor, Challenge is prejudiced by Swantek's abandonment because it prevents Challenge from timely resolving the claims against it. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case"). As to the third factor, the Court explicitly warned Swantek that his failure to respond to the show-cause order would result in dismissal. ECF No. 24 at PageID.337. As to the fourth factor, less drastic sanctions would be fruitless because Swantek "has engaged in a clear pattern of delay" by not responding to both the summary-judgment motion and the show-cause order. *Jourdan v. Jabe*, 951 F.2d 108,

110 (6th Cir. 1991). His continued noncompliance leaves no viable option but to dismiss.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE** under Civil Rule 41(b). Defendant's Motion for Summary Judgment, ECF No. 22, is therefore **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 10/8/2024